IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY UCHYTIL,

               Plaintiff,                        CV-08-0303-ST

      v.                                          OPINION AND ORDER

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

               Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Kelly Uchytil ("Uchytil"), filed this case seeking judicial review of the final decision by the Commissioner finding him disabled and not entitled to disability benefits under Title II of the Social Security Act. The Commissioner filed a motion to remand pursuant to sentence four of 42 USC § 405(g) for further proceedings. This court granted the Commissioner's motion. Accordingly, as the prevailing party, Uchytil moves the court for an

1 - OPINION AND ORDER

award of $5,814.81 in attorney fees and $477.39 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 USC § 2412 *et seq*. For the reasons that follow, that motion is granted in the reduced sum of $5,140.70 in attorney fees and $477.39 in costs.

## DISCUSSION

Under EAJA, the court may award "reasonable" attorney fees to the "prevailing party" in certain civil actions brought against the United States or against any federal agency or official, unless the position of the government was "substantially justified" or "special circumstances make an award unjust." 28 USC § 2412(b), (d)(1)(A) & (d)(2)(A). The Commissioner concedes that Uchytil meets the statutory requirements for an award of attorney fees and costs under EAJA, but disputes the amount of attorney fees requested as excessive.

The plaintiff has the burden to prove that his requested attorney fees are reasonable and that his attorney actually expended the amount of time claimed. *See* 28 USC § 2412(d)(1)(B) (requiring an attorney's "itemized statement" to show the "actual time expended"); *Carvajal v. U.S.*, 521 F3d 1242, 1249 (9th Cir 2008) (recognizing that the party seeking fees under EAJA "must show that . . . the requested attorney fees are reasonable").

In the Ninth Circuit, a reasonable attorney fee award is based on the "lodestar" calculation, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Widrig v. Apfel*, 140 F3d 1207, 1209 (1998), citing *Hensley v. Eckerhart*, 461 US 424, 433 (1983). Excessive, redundant, or otherwise unnecessary hours should be excluded from an award of fees. *Hensley*, 461 US at 434.

Plaintiff requests attorney fees based on a total of 33.7 hours (1.6 in 2007 and 32.1 in 2008). The Commissioner does not object to the requested hourly rates of $166.46 for 2007 and

$172.85 for 2008. However, the Commissioner objects to the number of hours requested as inflated, duplicative, or as constituting clerical tasks. Most of those objections are well-taken.

First, the Commissioner argues that the total time should be reduced by .7 hour for billings in increments of .2 and .3 hour for tasks that should take only a fraction of that time. *See Welch v. Metro. Life Ins. Co.*, 480 F3d 942, 948-49 (9th Cir 2007) (finding billing inflated by minimum 15 minute charge "for numerous phone calls and e-mails that likely took a fraction of the time"). Although Uchytil's attorney, Mr. Barasch, did not bill in quarter-hour increments, he billed .2 and .3 hour for tasks that should have taken only .1 hour or less to complete. These tasks include receiving and reviewing various documents (an application for special admission by co-counsel (March 13, 2008), defendant's Notice of Appearance (June 3, 2008), assignment order (August 12, 2008), Notice of Attorney Substitution (October 30, 2008), defendant's Motion for an Extension of Time (November 25, 2008), proposed stipulation to remand (December 9, 2008)), as well as signing a consent form (July 31, 2008). This court agrees that these tasks are clerical and justify a reduction of .7 hour.

Second, the Commissioner notes that Mr. Barasch billed .4 hour on December 19, 2008, for receiving and reviewing defendant's Motion and Memorandum to Remand, and then billed another .5 hour on December 30, 2008, for receiving and reviewing defendant's Opposition. Defendant filed a Motion and Memorandum to Remand, not an Opposition. The time entry on December 30, 2008, appears to be either a duplicative or inaccurate entry. Therefore, a reduction of .5 hour is justified.

Third, the Commissioner objects to 3.0 hours billed for clerical tasks. Costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly

3 - OPINION AND ORDER

billing rate and are not properly reimbursable. *Missouri v. Jenkins*, 491 US 274, 288 n10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them. . . . [The] dollar value [of a clerical task] is not enhanced just because a lawyer does it." (internal citation omitted)); *Frevach Land Co. v. Multnomah County*, 2001 WL 34039133 *12 (D Or, Dec. 18, 2001) (inappropriate according to practices "prevailing . . . in [the District of Oregon]. . . to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks"); *Gough v. Apfel*, 133 F Supp2d 878, 881 (WD Va 2001) ("[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees"). All of Mr. Barasch's clerical tasks that are billed as attorney time should be deducted. These include the following time entries:

| Date | Task | Hours |
|---|---|---|
| March 5, 2008 | sending documents to client for signature | .3 |
| March 13, 2008 | receive faxed information from client | .1 |
| March 17, 2008 | receive completed and signed forms | .1 |
| April 1, 2008 | review filed summons & complaint, prepare and send out for service | .5 |
| April 7, 2008 | prepare and efile return of service | .5 |
| July 31, 2008 | review schedule notice | .1 |
| December 2, 2008 | review missing transcript page (blank page) | .2 |
| March 9, 2009 | check PACER for status | .2 |
| | TOTAL: | 2.0 |

The Commissioner also argues that half of the one hour spent on March 7, 2008, for reviewing the local rules and preparing and sending the Summons and Complaint package to court should be deducted as clerical. Reviewing the local rules and preparing the Complaint is properly charged as attorney time, but preparing and sending a Summons is a clerical task. Due to the nature of the billing, this court cannot ascertain what portion is clerical. Since the plaintiff bears the burden of supporting his attorney fee request, this court must construe this time entry against plaintiff and will adopt the Commissioner's approach of reducing this billing in half to .5

4 - OPINION AND ORDER

hour.

The Commissioner also argues that the one hour billed on June 12, 2009, for preparing the EAJA motion also is primarily a clerical task and should be reduced to .5 hour. According to the Commissioner, the EAJA motion and memorandum consist mostly of boilerplate language and only requires filling in the caption and inserting a few sentences specific to this case. This court disagrees. A clerical person generally is not expected to draft the substance of legal documents, even if using boilerplate. And even if a clerical person could prepare an initial outline of an EAJA motion and memorandum, an attorney must still review for accuracy, edit, and finalize the documents prior to filing. An hour for that task is not an unreasonable amount of time.

Finally, the Commissioner correctly notes that Mr. Barasch billed .2 hour on May 29, 2009, after judgment was entered, to review the Notice of Order of Appeals Council remanding the case to the Administrative Law Judge. EAJA fees may only be awarded for attorney time before this court, not before the agency. Thus, .2 hour must be deducted.

In sum, the number of hours must be reduced by 3.9 hours (.7 + .5 + 2.0 + .5 + .2 = 3.9), resulting in the following award of attorney fees:

        1.6 hours (2007) x $166.46/hour  =  $   266.33

        28.2 hours (2008) x $172.85/hour =     4,874.37

                         TOTAL         $5,140.70

The Commissioner notes that based on the assignment by Uchytil to Mr. Barasch, the payment of the EAJA award may be made directly to Mr. Barasch.

**ORDER**

5 - OPINION AND ORDER

Plaintiff's Motion for Fees and Costs under the EAJA (docket #24) is GRANTED in the reduced sum of $5,140.70 in attorney fees and $477.39 in costs.

DATED this 10th day of July, 2009.

                                          s/ Janice M. Stewart_____
                                          Janice M. Stewart
                                          United States Magistrate Judge

6 - OPINION AND ORDER